## JOHN A. WILLARD *vs.* BOARD OF COUNTY COMMISSIONERS OF REDWOOD COUNTY.

### July 19, 1875.

**Action to Test Validity of Forfeiture of Land for Non-payment of Taxes.**—Section 154, ch. 11, Gen. St., as amended by Laws 1869, ch. 23, enacts that "an action to test the validity of the forfeiture of any land to the state, under this chapter, or of the proceeding resulting in such forfeiture, may be brought by any party interested therein, against the county wherein such land is situated, at any time before such forfeited land is purchased from the state; *provided, however*, that in all actions brought against any county, as authorized by this section, the plaintiff in such action shall pay all costs of such suit." *Held*, 1. That the action thus authorized is a statutory action, to sustain which it is not necessary that a plaintiff should bring himself within what

are called "the acknowledged heads of equity." The right of action given is a right to test generally, and without limitation. It is not restricted to cases in which the forfeiture, or the proceedings referred to, are, upon their face, valid; but it enables any party interested to have the question of validity judicially determined, whether the forfeiture and proceedings are, upon their face, valid or void.

**Same—Sufficiency of Complaint.**—2. That it is not necessary that the complaint in such action should allege that the forfeited land has not been purchased from the state.

**Same—Proviso that Plaintiff shall Pay Costs is Constitutional.**—3. That the proviso requiring the plaintiff in an action of this kind to pay the costs is not repugnant to that clause of § 8 of the Bill of Rights which declares that every person "ought to obtain justice freely and without purchase."

This action was brought in the district court for Redwood county. At the trial before *Hanscome*, J., (a jury being waived,) the defendant moved for judgment on the pleadings. The motion was taken under advisement, and the case was tried and submitted. Afterwards the judge filed his decision, ordering judgment for defendant on the pleadings, which was entered accordingly, and plaintiff appealed.

*M. G. Willard*, for appellant.

*M. E. Powell* and *Erwin & Pierce*, for respondent.

BERRY, J. Section 154, ch. 11, Gen. St., as amended by Laws 1869, ch. 23, enacts that "an action to test the validity of the forfeiture of any land to the state, under this chapter, or of the proceeding resulting in such forfeiture, may be brought by any party interested therein, against the county wherein such land is situated, at any time before such forfeited land is purchased from the state ; *provided, however*, that in all actions brought against any county, as authorized by this section, the plaintiff in such action shall pay all costs of such suit."

The present action, which appears to have been commenced in May, 1872, and is properly an action against the county of Redwood, in accordance with Gen. St. ch. 8, § 80, and an action instituted for the purposes mentioned in the above quoted provisions of § 154, as amended, must be taken to have been brought under such provisions for

the reason that, independently of them, no warrant could be found for bringing an action of this kind against a county. In other words, the right to bring such an action against a county originates in, and depends upon, the provisions referred to. The action thus authorized is not a strictly equitable action, as being, either in form or substance, such an action as was authorized by the course of practice in courts of equity. It is not necessary, then, that the plaintiff in an action of this kind should bring himself within what are called " the acknowledged heads of equity." The action authorized is a statutory action, in which any party interested is permitted " to test the validity of the forfeiture of any land to the state," under Gen. St. ch. 11, (the tax law,) or " of the proceeding resulting in such forfeiture." The right thus given is the right to test generally and without limitation. It is not restricted to cases in which the forfeiture, or the proceedings referred to, are, upon their face, valid ; but it gives any party interested the right to have the question of validity judicially determined, whether the forfeiture and proceedings are, upon their face, valid or void.

The application of these views will dispose of this case. The complaint, in effect, (though very inartificially,) sets up forfeiture of plaintiff's lands to the state, ostensibly under provisions of Gen. St. ch. 11, and proceedings resulting in such forfeiture, and also sets up other facts showing that such forfeiture and proceedings are void. Upon a motion by defendant for judgment on the pleadings, the court below, in effect, held that this was an equitable action, and that, as it appears by the complaint that the forfeiture and proceedings attacked were, upon their face, void, they created no cloud upon plaintiff's title, and neither occasioned nor could occasion him any injury ; and that, therefore, the plaintiff, upon his own showing, wholly failed to make out a case for the interposition of a court of equity. Upon these grounds, mainly, the court below ordered judg-

ment for defendant upon the pleadings. From what we have before said it follows that this order was erroneous.

The other considerations presented by the court below, in giving the reasons for its decision, all rest upon the same erroneous view of the character of this action, and, therefore, require no further comment. So far as the merits of the case are concerned, outside of the allegations of the complaint, they were not properly before the court below upon the motion for judgment on the pleadings, and are, therefore, not before us upon this appeal. Even if it was open to us, upon this appeal, to enquire what facts were established by the evidence, the condition of the settled case would cut the enquiry short, as it appears that the case stipulated by the attorneys is allowed by the court with reservations which would withhold from our consideration that which seems to have been the most material and important evidence adduced.

Two questions remain to be considered with reference to future proceedings. The first is whether it is necessary that the complaint should allege that the forfeited land has not been purchased from the state. We think not. It being alleged that the land was forfeited to the state, it would be presumed, in the absence of affirmative evidence to the contrary, to remain the property of the state. The purchase, if any, from the state is matter of defence.

The other question is whether the proviso requiring the plaintiff in an action of this kind to pay the costs is repugnant, as the plaintiff contends, to that clause of § 8 of our Bill of Rights which declares that every person " ought to obtain justice freely and without purchase." We think not. The clause referred to does not have reference to the payment of the expenses of litigation, such as are covered by the proviso in this statute. The propriety of the proviso is not difficult of appreciation when it is considered that the statute in which it is found allows the action to be brought against a party—*i. e.*, the county—which, though

the real party defendant by the record, is, in fact, but a representative of the state.

The judgment is for costs only; but as we find that the order for judgment upon the pleadings, on which it was based, was erroneous, it follows that the judgment was premature.

Both judgment and order are accordingly reversed.